<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>            *Plaintiff*,<br><br>    v.<br><br>ARUSHI ENTERPRISE CORP, a Missouri Corporation; and LAXMAN PATEL, an individual,<br><br>            *Defendants.* | Civil No.: 24-cv-00298 (KSH) (AME)<br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

### I.     Introduction

This matter comes before the Court on the motion (D.E. 12) of plaintiff Baymont Franchise Systems, Inc. ("Baymont") for default judgment against entity defendant Arushi Enterprise Corp ("Arushi"), and individual defendant Laxman Patel ("Patel," and with Arushi, "defendants"). Baymont alleges that Arushi breached a franchise agreement governing operation of a Baymont hotel and Patel breached his guaranty of that agreement, and that both defendants breached the development incentive note executed in connection with the franchise agreement.

### II.     Background

The complaint alleges as follows. Baymont is a Delaware corporation with a principal place of business in New Jersey. (D.E. 1, Compl. ¶ 1.) Defendants are citizens of Missouri. (*Id.* ¶¶ 2-3.) In March 2018, Baymont and Arushi entered into a franchise agreement whereby Arushi would operate a 69-room Baymont hotel in Hazelwood, Missouri. (*Id.* ¶ 8 & Ex. A.) The parties also entered into a subscription agreement, "which governed Arushi's access to and use

of certain computer programs, applications, features, and services, as well as any and all modifications, corrections, updates and enhancements to same." (*Id.* ¶ 9 & Ex. B.)

The franchise agreement called for Arushi to, among other obligations, operate the hotel for a 20-year term, pay various fees ("recurring fees") throughout the life of the agreement, submit revenue information, and pay interest on past due amounts. (*Id.* ¶¶ 10-17.) Baymont reserved the right to audit Arushi's books and records and to terminate the agreement if Arushi stopped operating the facility as a Baymont hotel, in which event Arushi would be liable for liquidated damages of $2,000 per guest authorized guest room. (*Id.* ¶ 15 & Ex. A at 18.) The franchise agreement provided that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." (*Id.* ¶ 17.) Arushi also consented to personal jurisdiction and venue in this Court for "all cases and controversies" under the franchise agreement or between the parties to the agreement, and the agreement contained a New Jersey choice of law provision. (*Id.* ¶ 5 & Ex. A. at 24.)

The franchise agreement also provided that Patel guarantied Arushi's obligations under it, and that upon a default of the agreement, Patel would "immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement." (*Id.* ¶¶ 18-20 & Ex. C.) In the guaranty, Patel specifically acknowledged the application of section 17 of the franchise agreement that specifies a consent-to-jurisdiction and a New Jersey choice of law provision. (*See* Compl. Exs. A & C.)

Also in connection with the franchise agreement, Arushi and Patel executed a development incentive note in the amount of $50,000. (*Id.* ¶ 21 & Ex. D.) That provided that one-seventh of the original principal amount would be forgiven on each anniversary of the

hotel's opening date, but if the franchise agreement were terminated, the outstanding principal and any interest would be "immediately due and payable." (*Id.* ¶¶ 22-23 & Ex. D.)

On or about January 9, 2020, Arushi ceased to operate the facility as a Baymont hotel. (*Id.* ¶ 25.) In a letter dated January 29, 2020, Baymont "acknowledged" that the franchise agreement had been unilaterally terminated by Arushi and demanded payment of $138,000 in liquidated damages, as well as payment of outstanding recurring fees. (*Id.* ¶ 26 & Ex. E.) It also instructed Arushi to "consider th[e] letter to be a notice and demand for payment under any Guaranty of the Agreement, directed to your Guarantor." (*Id.*, Ex. E.)

Four years later, on January 18, 2024, Baymont sued defendants, invoking federal diversity jurisdiction. (*Id.* ¶ 4.) Counts One through Five assert claims against Arushi for an accounting from inception through the termination of the franchise agreement; breach of contract for Arushi's failure to pay liquidated damages upon termination of the franchise agreement; in the alternative for breach of contract seeking actual damages for premature termination of the agreement; breach of contract for Arushi's failure to remit recurring fees; and unjust enrichment for Arushi's failure to remit recurring Fees. Count Six alleged breach of the guaranty by Patel and Count Seven alleged a claim for unjust enrichment against both Arushi and Patel for their failure to make payments owed under the note.

Defendants were timely served, (D.E. 6), and neither filed an answer or other response to the complaint. On March 12, 2024, Baymont requested entry of default (D.E. 8), and the Clerk entered default the following day. On April 9, 2024, Baymont filed its motion (D.E. 12) for default judgment against defendants, who have filed no opposition. In support Baymont submitted a certification of counsel (D.E. 12-3), and the affidavit of Kendra Mallet, the vice president of Baymont's Global Franchise Administration (D.E. 12-4) ("Mallet affidavit").

Baymont seeks judgment in the amount of $397,618.93, representing $243,409.45 in liquidated damages (comprising principal plus prejudgment interest); $77,972.27 in recurring fees (comprising principal plus prejudgment interest); and $76,237.21 due under the development incentive note (comprising principal plus prejudgment interest).

### III. **Legal Standard**

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who fails to file a timely responsive pleading. Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, 2019 WL 3244878, at *2-3 (D.N.J. July 19, 2019) (Vazquez, J.).

IV.     Analysis

The preliminary requirements for entry of default judgment are met here. The Court has subject matter jurisdiction based on the parties' complete diversity and the amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Defendants consented to personal jurisdiction in this Court. (Compl., Ex. A § 17.6 & Ex. C.) The proof of service Baymont filed demonstrates that Arushi was duly served via its registered agent, Patel, and that Patel was also personally served (D.E. 6). *See* Fed. R. Civ. P. 4(h). Defendants have never answered or otherwise responded to the complaint, and default was entered by the Clerk.

The complaint sets forth a claim for breach of contract against Arushi and Patel for breaching the franchise agreement, guaranty, and note, and no meritorious defense is evident from the record. For a claim of breach of contract under New Jersey law, a plaintiff must establish that (1) a valid contract exists between the parties, (2) the defendant failed to perform its obligations under that contract, and (3) the plaintiff suffered damages as a result. *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007). Here, accepting Baymont's allegations as true, defendants had valid contracts with Baymont to, among other obligations, operate a Baymont hotel for a 20-year term, pay liquidated damages in the event of a premature termination, and pay recurring fees throughout the life of the agreement. As demonstrated by the Mallet affidavit, Arushi breached these agreements by prematurely ceasing to operate the Baymont hotel, failing to pay the liquidated damages, and failing to remit the required fees. Patel failed to render performance in Arushi's stead after it defaulted. And defendants have not paid the balance owed on the note, which became due upon the breach of the franchise

agreement. These breaches caused Baymont damages. Accordingly, Baymont has stated a claim in Counts Two, Four, Six, and Seven.[1]

Additionally, the Court finds that these defendants' failure to appear or to file any response to the complaint has prevented Baymont from prosecuting this action and obtaining relief, to its prejudice. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *5 (D.N.J. Mar. 30, 2015) (McNulty, J.); *accord Travelodge Hotels, Inc. v. Seaside Hospitality, LLC*, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.). And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability" in the default. *Travelodge*, 2016 WL 5899281, at *4 (quoting *Teamsters Pension Fund of Phila. & Vicinity*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

Baymont seeks damages of $397,618.93 that fall into three categories: (1) $243,409.45 for liquidated damages (consisting of a $138,000.00 principal amount and $105,409.45 in prejudgment interest); (2) $77,972.27 in recurring fees (consisting of principal plus prejudgment interest); and (3) $76,237.21 for the amount due under the development incentive note (consisting of a $42,857.15 principal amount and $33,380.06 in prejudgment interest). Baymont's request for liquidated damages is grounded in section 12.1 of the franchise agreement, which requires payment of liquidated damages in the amount of no less than $2,000 per authorized guest room, of which there were 69 here, and in section 7.3, which imposes interest of 1.5% per month on past due amounts beginning 30 days after termination. Baymont has also submitted with the Mallet affidavit an itemized statement setting forth the basis for the

---

[1] Based upon the contents of its proposed judgment, Baymont is not seeking judgment or relief on its claims for an accounting (Count One), actual damages (Count Three), or unjust enrichment (Count Five). Accordingly, the Court need not evaluate the legal sufficiency of these claims.

recurring fees sought.  (*See* Mallet Aff. & Ex. F.)  Finally, Baymont provides that the outstanding principal balance on the development incentive note is $42,857.15, subject to a 18% per year—or 1.5% per month—interest rate.  (*See* Mallet Aff. ¶¶ 34-36 & Ex. D.)

Baymont, therefore, is entitled to judgment against defendants in the amount sought.

## V.   Conclusion

Baymont's allegations and submissions in support fulfill the requirements for default judgment in its favor against Arushi and Patel, and the Court grants its motion.  An appropriate order will follow.

Date: October 7, 2024

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.